## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

| | |
|---|---|
| LANAJSHA KING, | |
| Plaintiff, | Case No.: 1:25-cv-09946 |
| v. | **COMPLAINT WITH** |
| | **DEMAND FOR JURY TRIAL** |
| ESSEN MEDICAL ASSOCIATES P.C. d/b/a ESSEN HEALTH CARE, | |
| Defendant. | |

Plaintiff Lanajsha King (hereinafter the "Plaintiff"), by and through her attorneys, Consumer Attorneys LLC, by way of her Complaint against Defendant Essen Medical Associates P.C. d/b/a Essen Health Care (hereinafter the "Defendant"), alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action for non-payment of wages, overtime premiums, and wage supplements in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. L. §§ 190 *et seq.* and §§ 650 *et seq.* ("NYLL"), for failure to provide accurate wage statements to Plaintiff and failure to maintain accurate records required by the Wage Theft Prevention Act (N.Y. Lab. Law § 195(3)) as well as failure to provide an accurate notice of pay rate and payday to Plaintiff required by the Wage Theft Prevention Act (N.Y. Lab. Law § 195(1)).

### THE PARTIES

2.     Plaintiff is an adult individual who is a citizen of the State of New York residing in New York County.

3.     Upon information and belief, at all times relevant, the Defendant is an entity organized and existing under and by virtue of the laws of the State of New York, with business address at 2626 Halperin Avenue, Bronx, NY 10461-2631.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

5.      The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C.
§§ 1331, as this action involves federal questions concerning the FLSA.

6.      The Court has supplemental jurisdiction over the New York State and New York
City causes of action pursuant to 28 U.S.C. § 1367, as the facts supporting these claims also arise
from the same nucleus of events forming the basis for the federal causes of action.

7.      Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the
Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged
herein occurred within this judicial district, the Defendant regularly conducts business in this
district and the Defendant is subject to personal jurisdiction in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§
2201 and 2202.

9.      At all times relevant, the Defendant was an "employer" within the meaning of the
NYLL and the FLSA.

10.     Defendant had the power to hire and fire Plaintiff, supervised and controlled
Plaintiff's work schedules and conditions of employment, determined Plaintiff's rate and method
of payment, and maintained employment records.

11.     At all times relevant, upon information and belief, the Defendant had annual
revenues in excess of $500,000.00 over the last three (3) years.

12.     Plaintiff regularly handled goods moved in interstate commerce, including assisting
nurses with vital signs, which involved handling medical equipment that moved in interstate
commerce.

## FACTS

13.     From November April 1, 2022 to December 31, 2023, or a period of about ninety-
one (91) weeks, Plaintiff worked as a Care Coordinator for the Defendant.

14.     During the relevant period, Plaintiff worked from 8:30AM to 5:00PM for five (5)
days per week, with an hourly wage of $20.00.

15.     Although Defendant has a policy of requiring employees to clock out thirty (30)
minutes for an unpaid meal break, Defendant, through its supervisors, regularly directed and/or
expected Plaintiff to perform work without compensation during her meal breaks.

16.    Plaintiff's work during these meal breaks were integral to her job duties at Defendant which consists of providing services to members, calling members to ensure they were taking medications and related tasks.

17.    Because Plaintiff worked through approximately thirty (30) minutes of her meal break during five (5) shifts per week, Plaintiff was not paid for approximately two-and-a-half (2.5) hours of work time per week.

18.    Moreover, Plaintiff routinely made calls prior to her shift beginning and after clocking out for her shift because of the quotas required for making phone calls, which were impossible to do within the regularly scheduled hours of 8:30AM to 5:00PM.

19.    On average, Plaintiff performed three (3) hours of off-the-clock work per week without being compensated by Defendant.

20.    Further, Plaintiff, despite being qualified, did not receive the Health Care Worker Bonus Program in the amount of $3,000.00.

21.    And lastly, Defendant failed to provide Plaintiff, during the course of her employment, the required notice of rate of pay and accurate wage statements.

## COUNT ONE
## OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT

22.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

23.    Defendant knowingly and willfully failed to pay Plaintiff her wages and overtime compensation for the actual hours that she worked.

24.    By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has incurred costs as well as reasonable attorneys' fees.

25.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

26.    Because Defendant's violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

27.     As a result of Defendant's unlawful acts, Plaintiff had been deprived of her wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT TWO**
**OVERTIME WAGES UNDER NEW YORK LABOR LAW**

28.     Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

29.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of NYLL §§2 and 651.

30.     Defendant failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

31.     Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

32.     Similarly, Defendant is liable to the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and under the NYLL.

**COUNT THREE**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW AND THE WAGE THEFT PREVENTION ACT**

33.     Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

34.     Defendant failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, payroll records, and such other information as required by NYLL §§195(1) and (4).

35.     Upon information and belief, Defendant failed to maintain adequate and accurate written records of the actual hours worked and true wage earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

36.     As a result, Plaintiff did not have accurate information about her rates, hours, and pay calculations, which delayed her discovery of Defendants' failure to pay overtime and hindered her ability to seek timely correction or alternative employment.

37.     Accordingly, Defendants' failure to maintain accurate records was not in good faith.

38.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

39.     Defendant is liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## COUNT FOUR
## VIOLATION OF THE WAGE STATEMENT REQUIREMENTS OF THE NEW YORK LABOR LAWAND THE WAGE THEFT PREVENTION ACT

40.     Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

41.     Defendant failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

42.     Defendant is liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fee.

## COUNT FIVE
## FAILURE TO PAY WAGE SUPPLEMENTS IN VIOLATION OF THE NEW YORK LABOR LAW

43.     Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

44.     Defendant had the obligation regarding the payment of wage supplements under the Health Care Worker Bonus Program, pursuant to Social Services Law § 367-w, and the employment agreement.

45.     Defendant failed to pay Plaintiff the wage supplements she was entitled to.

46.     Plaintiff is therefore entitled to be paid the full amount of wage supplements due, plus liquidated damages, attorneys' fees, interest (pre-judgment and post-judgment), and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, by reason of the foregoing, Plaintiff hereby respectfully requests the following relief:

(A) Declaring Defendant' conduct complained herein to be in violation of the Plaintiff's right under the FLSA and the NYLL;

(B) Awarding Plaintiff's unpaid overtime wages;

(C) Awarding Plaintiff liquidated damages pursuant to FLSA and NYLL §§198(1-a) and 663(1);

(D) Awarding Plaintiff prejudgment and post-judgment interest;

(E) Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

(F) Awarding such and further relief as this court deems necessary and proper.

Dated: Jamaica, New York
      December 1, 2025                 Respectfully submitted,

                                          **SAGE LEGAL LLC**

By:     */s/ Emanuel Kataev, Esq.*
            Emanuel Kataev, Esq.
            18211 Jamaica Avenue
            Jamaica, New York 11432-2327
            (718) 412-2421 (office)
            (917) 807-7819 (cellular)
            (718) 489-4155 (facsimile)
            emanuel@sagelegal.nyc

            *Attorneys for Plaintiff*
            *Lanajsha King*