UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LANAJSHA KING,

                         Plaintiff,

      - against -

ESSEN MEDICAL ASSOCIATES P.C., d/b/a
ESSEN HEALTH CARE

                        Defendant.
------------------------------------------------------------X

Case No. 1:25-cv-09946

**ANSWER TO COMPLAINT**

Defendant Essen Medical Associates P.C., d/b/a Essen Health Care ("Defendant), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, as and for its Answer to the Complaint filed by plaintiff Lanajsha King ("Plaintiff") ("Complaint"), hereby responds as follows:

Defendant denies that it has violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), or any other laws. To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

**AS AND FOR A RESPONSE TO "INTRODUCTION"**

1. Defendant admits that Plaintiff purports to proceed as set forth in paragraph 1 of the Complaint, but denies the allegations set forth therein, denies Plaintiff is entitled to any relief whatsoever and avers that paragraph 1 calls for one or more legal conclusions for which no response is required and respectfully refer the Court to the statutes cited therein for their full content and meaning.

**AS AND FOR A RESPONSE TO "THE PARTIES"**

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint, except admits that Defendant is a domestic professional service corporation authorized to do business in the state of New York.

### AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint, except admits that Plaintiff purports to set forth a legal conclusion as to the basis for subject matter jurisdiction of the Court as set forth in this paragraph.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports to set forth a legal conclusion as to the basis for subject matter jurisdiction of the Court as set forth in this paragraph.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint, except admits that Plaintiff purports to set forth a legal conclusion as to the basis for supplemental jurisdiction of the Court as set forth in this paragraph.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint, except admits that Plaintiff purports to set forth a legal conclusion as to the basis for venue as set forth in this paragraph.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff purports to set forth a legal conclusion as to the basis for the Court to issue a declaratory judgment as set forth in this paragraph.

9. The allegations set forth in paragraph 9 of the Complaint purport to state a legal conclusion as to the employer status of Defendant for which no response is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. The allegations set forth in paragraph 10 of the Complaint purport to state a legal conclusion as to the employer status of Defendant for which no response is required, and Defendant respectfully refers all matters of law to the Court. To the extent a response is required, Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. The allegations set forth in paragraph 11 of the Complaint call for a legal conclusion as to an element of a cause of action under the FLSA and as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. The allegations set forth in paragraph 12 of the Complaint call for a legal conclusion as to an element of a cause of action under the FLSA and as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 12 of the Complaint.

## AS AND FOR A RESPONSE TO "FACTS"

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

## AS AND FOR A RESPONSE TO "COUNT ONE

**"OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT"**

22. In response to paragraph 22 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 21 above as if fully set forth herein.

23. The allegations set forth in paragraph 23 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. The allegations set forth in paragraph 24 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. The allegations set forth in paragraph 25 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 25 of the Complaint and respectfully refers the Court to the statute cited therein for its full content and meaning..

26. The allegations set forth in paragraph 26 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. The allegations set forth in paragraph 27 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 27 of the Complaint.

**AS AND FOR A RESPONSE TO**
**"COUNT TWO**
**OVERTIME WAGES UNDER NEW YORK LABOR LAW"**

28. In response to paragraph 28 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 27 above as if fully set forth herein.

29. The allegations set forth in paragraph 29 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 29 and respectfully refers the Court to the statute cited therein for its full content and meaning.

30. The allegations set forth in paragraph 30 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 30 and respectfully refers the Court to the statute cited therein for its full content and meaning.

31. The allegations set forth in paragraph 31 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 31 and respectfully refers the Court to the statute cited therein for its full content and meaning.

32. The allegations set forth in paragraph 32 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 32 and respectfully refers the Court to the statute cited therein for its full content and meaning.

**AS AND FOR A RESPONSE TO**
**"COUNT THREE**
**"VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW AND WAGE THEFT PREVENTION ACT**

33. In response to paragraph 33 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 32 above as if fully set forth herein.

34. The allegations set forth in paragraph 34 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 34 and respectfully refers the Court to the statute cited therein

for its full content and meaning.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. The allegations set forth in paragraph 38 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. The allegations set forth in paragraph 39 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 39 of the Complaint.

**AS AND FOR A RESPONSE TO
"COUNT FOUR
"VIOLATION OF THE WAGE STATEMENT REQUIREMENTS OF THE NEW YORK
LABOR LAW AND THE WAGE THEFT PREVENTION ACT"**

40. In response to paragraph 40 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 39 above as if fully set forth herein.

41. The allegations set forth in paragraph 41 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 41 and respectfully refers the Court to the statute cited therein for its full content and meaning.

42. The allegations set forth in paragraph 42 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

**AS AND FOR A RESPONSE TO
"COUNT FIVE
FAILURE TO PAY WAGE SUPPLEMENTS IN VIOLATION OF THE NEW YORK**

**LABOR LAW"**

43. In response to paragraph 43 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 42 above as if fully set forth herein.

44. The allegations set forth in paragraph 44 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 44 and respectfully refers the Court to the statute cited therein for its full content and meaning.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. The allegations set forth in paragraph 46 of the Complaint call for a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 46 of the Complaint.

**AS AND FOR A RESPONSE TO "PRAYER FOR RELIEF"**

The paragraphs (A through F) in the Prayer for Relief immediately following paragraph 46 of the Complaint state requests for relief to which no responsive pleading is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever as sought in paragraphs A through F following the WHEREFORE clause of the Complaint or to any other damages or relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following defenses and affirmative defenses, as set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure ("FRCP"), without assuming any burden of production or proof that it would not otherwise bear.

**FIRST DEFENSE**

Plaintiff's "wage supplement" claim premised on the Health Care Worker Bonus Program

under Social Services Law § 367-w fails because that statute does not create an independent private right of action and is enforceable, if at all, through administrative mechanisms, not through a civil suit for damages, and does not create a private right of action under the NYLL, which cannot be used to circumvent Social Services Law § 367-w.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255 and N.Y. Lab. Law § 198(3). Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

## FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, for lack of subject-matter jurisdiction.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing, including, without limitation, Plaintiff has not suffered any cognizable or concrete injury in fact and has not lost money or property, or has been made whole.

## SIXTH DEFENSE

Plaintiff's claim is barred in whole or in part because Plaintiff was fully paid the wages due to him, and therefore there was no "underpayment" to him.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of laches, including to the extent Plaintiff failed to comply with Defendant's timekeeping and reporting procedures, failed to report alleged off-the-clock work, or accepted and retained compensation with knowledge of the underlying facts.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands, including to the extent Plaintiff failed to comply with Defendant's timekeeping and reporting procedures, failed to report alleged off-the-clock work, or accepted and retained compensation with knowledge of the underlying facts.

**NINTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and estoppel (including judicial estoppel), including to the extent Plaintiff failed to comply with Defendant's timekeeping and reporting procedures, failed to report alleged off-the-clock work, or accepted and retained compensation with knowledge of the underlying facts.

**TENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any damages, or, if any were sustained, those damages are "*de minimis*" and therefore not actionable under New York law.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction, and/or payment and release.

**TWELFTH DEFENSE**

To the extent Plaintiff engaged in allegedly compensable activities without the actual or constructive knowledge of Defendant, Plaintiff is not entitled to compensation for any such overtime hours worked. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 353, 361 (2d Cir. 2011).

**THIRTEENTH DEFENSE**

Even if Defendant had, in fact, failed to pay Plaintiff for any activities alleged to be worked (which it has not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, FLSA, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because such claims have been released, waived, discharged, and/or abandoned.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to any relief under the FLSA or the NYLL because Plaintiff was fully and justly compensated for all of the time that Plaintiff was suffered or permitted to work and for all hours it knew or reasonably should have known that Plaintiff worked, and Defendant is not liable for any alleged underpayments resulting from alleged work time as to which Defendant was unaware and had no reason to be aware.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any of Defendant's actions and practices were taken in compliance with and/or as required by the laws of the United States and/or of the State of New York which regulated Defendant and were taken in good faith and with

reasonable grounds for believing that any alleged acts or omissions were not in violation of the law, including but not limited to within the meaning of 29 U.S.C. §§ 259, 260 and N.Y. Labor Law § 198.

### SEVENTEENTH DEFENSE

In accordance with the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, Defendant relied in good faith on a written administrative regulation, order, ruling, approval, opinion letter, guidance, or interpretation issued by the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York State Department of Labor and/or any of their respective divisions, offices, departments and/or units.

### EIGHTEENTH DEFENSE

To the extent Plaintiff alleges off-the-clock or meal-period work, such alleged work was performed contrary to Defendant's policies, without Defendant's actual or constructive knowledge, and/or was de minimis, and therefore not compensable

### NINETEENTH DEFENSE

Plaintiff's claims pursuant to New York Labor Law § 195(1) are barred because Defendant reasonably believed in good faith that it was not required to provide such wage notice pursuant to the NYLL or because it provided the requisite information in wage statements.

### TWENTIETH DEFENSE

Plaintiff's claims pursuant to New York Labor Law § 195(3) are barred because Defendant reasonably believed in good faith that it was not required to provide such statements pursuant to the NYLL or because it provided the requisite information in the wage notice.

### TWENTY-FIRST DEFENSE

Plaintiff cannot state a claim for overtime or other compensation under the FLSA during

any workweek in which Plaintiff worked fewer than forty (40) compensable hours.

## TWENTY-SECOND DEFENSE

If Plaintiff were entitled to recover additional compensation, which Defendant expressly denies, Defendant has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded.

## TWENTY-THIRD DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported alleged hours of work and there is no evidence that Defendant required the false reporting of such hours; or there is no evidence that Defendant encouraged Plaintiff to falsely report his hours of work; or that there is no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours of work, Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## TWENTY-FOURTH DEFENSE

Some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## TWENTY-FIFTH DEFENSE

Plaintiff is precluded from recovering attorneys' fees, liquidated damages, and any other form of supplemental damages from Defendant under applicable provisions of law for some or all of Plaintiff's claims or causes of action.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Defendant.

**TWENTY-SEVENTH DEFENSE**

If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by his own culpable conduct, including, without limitation, his failure to inform his supervisors or other Defendant management of all time worked or to complain to Defendant about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid overtime wages or otherwise.  Any judgment recovered by Plaintiff must be reduced in proportion to the extent that Plaintiff's culpable conduct contributed to the alleged damages.

**TWENTY-EIGHTH DEFENSE**

Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the NYLL, including but not limited to for amounts overpaid to Plaintiff and other benefits provided to Plaintiff.

**THIRTIETH DEFENSE**

Even if Plaintiff prevails, his claims for liquidated damages and interest under federal and state law are barred to the extent that these forms of relief are duplicative of each other.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims under the FLSA and NYLL for liquidated damages must be dismissed, in whole or in part, because at all times relevant hereto, Defendant acted in good faith, with a lack of willfulness or intent to violate the FLSA and/or NYLL, and with reasonable grounds to believe that the challenged actions were in compliance with all applicable laws, rules, agreements and regulations.

**THIRTY-SECOND DEFENSE**

Even if enforceable through the NYLL, Plaintiff was not an eligible employee for any Health Care Worker Bonus under SSL § 367-w and the associated guidance, because, among other things, Plaintiff's position, hours worked, compensation level, qualifications, and/or worksite characteristics did not satisfy the statutory criteria for bonus eligibility or vesting.

**THIRTY-THIRD DEFENSE**

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds to believe that the actions or omissions were not a violation of the provisions of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

**THIRTY-FOURTH DEFENSE**

Defendant has not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to the Defendant's obligation to pay any sum that may be alleged to be due to Plaintiff.

**THIRTY-FIFTH DEFENSE**

Any damages awarded to Plaintiff with respect to some or all of Plaintiff's claims would result in unjust enrichment of Plaintiff.

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that the Defendant is neither an "enterprise" nor an "enterprise engaged in commerce" under the FLSA.

**THIRTY-SEVENTH DEFENSE**

At no point was Plaintiff "engaged in commerce or in the production of goods for commerce," and, therefore, his claims are not subject to the "individual coverage" provisions of the FLSA.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

**THIRTY-NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant fulfilled all obligations it may have had to Plaintiff, and Defendant owes no further obligations to Plaintiff.

**FORTIETH DEFENSE**

Pursuant to NYLL § 198(1-b) and (1-d) and 12 N.Y.C.R.R. § 146-1.3 and 146-2.2, Defendant is not liable for a mere technical violation of those statutes, if applicable, because Defendant made complete and timely payments of all wages due to Plaintiff during Plaintiff's alleged employment with Defendant and, as such, Plaintiff suffered no actual injury as a result of any alleged failure by Defendant to give Plaintiff the required wage notices and wage statements pursuant to NYLL § 195(1) and § 195(3) .

**FORTY-FIRST DEFENSE**

At all relevant times hereto, Plaintiff's compensation has been in accordance with each and every provision of the FLSA and NYLL.

**FORTY-SECOND DEFENSE**

At all relevant times hereto, Defendant exercised reasonable care to ensure that the manner of Plaintiff's compensation did not violate applicable Federal, State or any other laws.

**FORTY-THIRD DEFENSE**

Plaintiff suffered no actual injury or damages as a result of any alleged technical deficiencies in wage notices or wage statements, and any statutory penalties, to the extent available, must be reduced, offset, or denied

**FORTY-FOURTH DEFENSE**

At no point relevant hereto did Plaintiff work any hour for which Plaintiff was not compensated.

**FORTY-FIFTH DEFENSE**

Plaintiff's alleged injuries were not proximately caused by any conduct by Defendant.

**FORTY-SIXTH DEFENSE**

Plaintiff's damages, if any, were not caused by any acts or omissions of the Defendant.

**FORTY-SEVENTH DEFENSE**

Defendant affirmatively and specifically pleads each and every defense, limitation, and immunity provided under the FLSA and NYLL.

**FORTY-EIGHTH DEFENSE**

Plaintiff was provided with all required information, notices and materials in accordance with the NYLL.

**FORTY-NINTH DEFENSE**

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant or any uniform policy or practice.

**FIFTIETH DEFENSE**

Defendant is not liable under the FLSA or NYLL because it is not Plaintiff's "employer" pursuant to the FLSA or NYLL.

**FIFTY-FIRST DEFENSE**

Even if enforceable through the NYLL, Defendant is not a covered employer under SSL § 367-w.

**FIFTY-SECOND DEFENSE**

In addition to the foregoing defenses, Defendant retains the right to amend its Answer, to raise additional affirmative and other defenses, or to pursue any available counterclaims against Plaintiff.

**RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES**

Defendant hereby reserves the right to amend its Answer and to assert any additional defenses as the facts and law warrant, including during the trial in this matter.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety with prejudice, and granting such other and further relief, including attorneys' fees and costs that this Court deems just and proper.

Dated: New York, New York
February 23, 2026

                    Respectfully Submitted,

                    **GORDON REES**
                    **SCULLY MANSUKHANI, LLP**

By:    */s/Francis J. Giambalvo*
           Francis J. Giambalvo
           Megan Gallagher
           One Battery Park Plaza, 28th Floor
           New York, New York 10004
           (212) 269-5500
           fgiambalvo@grsm.com
           mgallagher@grsm.com
           *Attorneys for Defendant*

To: All Attorneys of Record (*via* ECF)